Good morning. And may it please the Court, my name is Ira Frakis. I'm appearing on behalf of the appellant, Daryl Taylor. Could we ask you to speak up just a little bit? I will try. I'm not feeling real well, so hopefully you'll be able to hear me. I just have a few points that I'd like to raise. I would like to reserve some time for rebuttal. I'd like to start with saying that it is our feeling that abuse of discretion is the proper standard for review. The abuse happened in two instances in this case. The first being that the Court considered evidence in the context of the summary judgment motion that was not before the Court. The Court therefore rendered an advisory opinion that's violative of the limited jurisdiction of the Court. In particular, there were claims that the appellee brought forth in the summary judgment motion for the first time, alleging that the appellant was bringing them in the context of the underlying lawsuit. You're talking basically about the claim of racial harassment and hostile work environment as opposed to the claim for promotion? I'm sorry. I'm not hearing you, Your Honor. The claims you assert were not contained in the complaint and that you sought to withdraw to the extent they were, were those for racial harassment and hostile work environment. Is that correct? Those are the ones you think you should not have ruled on? Correct. All right. And you filed in your complaint, you allege only discrimination and promotion, right? That's correct. Okay. Does that do anything for you if we decide that the Court erroneously decided that? Can you bring it up later anyway? That one particular issue would do something for us if you were to find that there was an erroneous decision because there is a State case underway and we're concerned about problems of res judicata or estapa. It's clear that the Court said in its opinion that those two claims were never brought forth in the underlying lawsuit, but then two lines later it granted summary judgment as the things that it said was never before them. So that's our first argument. Okay. Then let's, what's the second one? The second one is that the appellant made a request for a continuance of the summary judgment motion pursuant to FRCP 56F and properly presented that request with supporting documentation and declarations by the plaintiff appellant, an independent witness, and his counsel. Did you file an affidavit in accordance with the rule? Yes, we did file that with our opposition. And the Court then went on... You filed an affidavit like under 56F requires? Yes. Okay. Did you handle this in the trial court? I'm sorry? Did you handle this in the trial court? Yes. It seems to me that the answer you gave the judge then was that you didn't know what a 56F declaration was. No. We stated that we supplied declarations with our opposition papers. Do you understand what a Rule 56F affidavit is? I believe I do. Okay. Let me tell you what my understanding of it is, and then you tell me if I'm wrong about it. It seems to me that affidavit tells the Court I need you to hold off the motion for summary judgment I wish to oppose because discovery hasn't developed far enough for me to be able to assemble the facts to respond. Right. And here specifically is the discovery I need to undertake, the depositions, the documents, et cetera. Exactly. Is that your understanding? That is my understanding, and that is my understanding of what our declaration stated to the Court. What discovery did you tell Judge Walker that you needed to undertake? Well, we discussed the ‑‑ first of all, we discussed the fact that the other side had produced documents in excess of 500 pages on the day before the discovery cutoff that we felt were pertinent to the underlying case and to our ability to oppose the summary judgment motion. We also advised the Court that we had taken the deposition two weeks prior to the discovery cutoff of one Bill Albertson, who's a supervisor for the defendant, and in that deposition he advised us that he had literally a truckload of documents that could be related to this case that we were previously unaware of. And we advised the Court that we needed to take a few further depositions. Did you specify which ones you needed to take? I did not specify for the Court the names of the persons we wanted to take, but I did specify that we had maybe two or three depositions we wanted to take. We wanted to send out a few special interrogatories and a request for documents based on what we learned existed, and that was all we needed to do. Doesn't the case law surrounding Rule 56F require you to specify what discovery you need to take, that it's not enough to simply say, Judge, we need to do more discovery? I agree with you, and I think that we were specific. The Court obviously thought we were not. Okay. You're telling us that what you told Judge Walker was in one instance we need to take about three more depositions, right? Correct. We just didn't know the names of those persons at that moment in time, but we had information. Tell him categorically what those people were? Yes, they were all supervisors or people within the company that had information relating to the documents that supposedly existed but were not produced. And you thought at that time, I take it, of the 500 pages of documents that were produced would help you learn who those folks were? Correct. Our argument was that the information we needed would support our opposition for the summary judgment motion. And I felt that we needed to know. Can you now tell us who it is that you wish to depose? I don't have that information with me. I'm sorry. There are a few people in the management of the company that we would like to depose that we're proceeding on in the state case. I don't have those names with me now because if we don't go back to this, then I'm not going to address that issue for purposes of the federal case. Well, if you were before the district court today, you would say, Judge, I want to depose who? I have the names in my file. I just didn't expect that you would want to know their names. I figure by now, if you've got this adjacent state case, you probably know exactly who they are, but maybe you just overlooked too well. You would think so, Your Honor, but I can only tell you that the dilatory and duplicative conduct by defense counsel in failing to adhere to the spirit of the Discovery Act is following them in the state case as it did in the federal case, and we are now before the court in Oakland with a motion to compel Discovery Responses for their failure to respond to a simple set of form interrogatories and a simple set of requests for documents. They're doing the same thing to us now that they did then, but we're addressing that more aggressively. Yes, we do have the names of the people that we'd like to take the depositions of. Again, I just didn't expect that for purposes of today's argument, so I don't have their specific names for you. All right, counsel, you've got a little less than two minutes for rebuttal if you want to save any time. You want to save two minutes? Yes. So if you want to save time for rebuttal, you'll have to stop. Yes, I would. Okay. Okay, so if I could just finish up with this. Well, you're taking it out of your rebuttal time. That's fine. I just want to say that with regard to the issue of the request for the continuance, the court considered the declarations of myself and opposing counsel with regard to the pertinence of these documents and found in favor of the defendant, which in my understanding is contrary to the case law, which says that the court is supposed to do an issue finding, not an issue determination, and is supposed to take everything that's being presented in the light most favorable to the opposing party. Clearly, they didn't do so. Thank you. Thank you. Good morning, Your Honor. I'll be as underweighted as I can this morning. As to the discovery issue, I think the court has hit the nail right on the head. There was no Rule 56 motion that I could discern from the record. Judge Walker pointedly asked counsel what discovery he planned to do. He came up with no specifics. There was nothing remotely approaching a Rule 56 motion or declaration. There were declarations talking about who did what to whom during the discovery process. But the key was, you know, what do you need? You know, what discovery do you really require? And certainly we accept the abuse of discretion as the appropriate standard this court should apply. And I think combining those two facts, the court need to go no further on the discovery issue. Well, he claims that you sent him a lot of documents right at the last minute, and therefore he couldn't meet that. Wouldn't he have a little time to at least try to meet what all you produced there from company records? Your Honor, it is true that we have produced, I think, 522 pages. They came, they were produced as a result of Mr. Taylor's deposition. He seemed to be introducing yet another kind of claim, a claim that he had been given bad work assignments. So out of an abundance of caution, trial counsel produced 500 pages. All these pages showed were who were available to work on given days during this contract term. It had nothing to do with really any of the claims that I could see. And certainly trial counsel for the plaintiff couldn't provide any nexus as to how these documents related to anything. We didn't rely upon them in our motion. We simply, in the context of providing everything on something that came up at a deposition, did our best. When was that deposition taken? I believe it was on, I have it here, on November 19th, 2001, Your Honor. And, of course, this will pass for the moment, the fact that he had four months to do discovery in a very simple case, a very straightforward case and really didn't do anything. Didn't the parties implicitly agree to limited discovery when the neutral evaluator was on the scene? Your Honor, the record is susceptible to that interpretation. That's not what Judge Walker concluded, of course. There was a suggestion by the mediator that you really need to do some discovery before you come to the early neutral evaluation, so why don't you take a day of deposition and see what happens. And so we took the plaintiff's deposition. He took Mr. Albertson's deposition, the key supervisory deposition that was completed. Those were the key actors involved on the claim the plaintiff complains about the failure to promote. And Judge Walker looked at that claim and said, gee, the issue here is was there, is there any evidence that a position was open? The plaintiff didn't address the issue on the merits. He simply said, well, you know, maybe I should be allowed to do more discovery and maybe I need to take some more deposition. It doesn't come close to being what would suffice under a Rule 56 approach to life. Well, this has to do with it. He wanted a dispatcher kind of a job, right? That's my understanding. Did any of this discovery have to do with filling dispatcher positions? Not that I can see, Your Honor. As I say, all it was is there were 500 pages, and on each page it said, here's a list of the people who are available for work this day. And, again, it didn't relate to failure to promote. This came up in the context of Mr. Taylor's deposition where, among other things, he keeps adding these claims. One claim was, well, gee, I also wasn't given good work assignments. Not failure to promote. This was a different issue. And so in that context, we said, well, here are all the people who are available these days. It's apples and oranges. And, again, you can't just kind of show up at the last minute and say, I want to do more discovery and not give the district court some inkling of what you want to do. That's sort of my open and shut on the discovery issue. I'd be interested in any questions the court might have on the other issue the plaintiff has raised, and that is the ruling on these so-called unplaid claims. Well, if you don't have anything to say about it, we don't have any questions, I guess. I would simply. Have you heard the argument on the other side, if you're satisfied with leaving it at that? I am with one exception, and that is we all know that complaints can be informally amended. There were two separate case management conference statements signed by plaintiff's counsel where he definitely makes reference to these other claims, the race harassment, hostile work environment claims. Was it ever in his complaint? It was not in the complaint, Your Honor. I concede that. And didn't he say to the judge that he wanted to withdraw those if they were? He did, Your Honor. And that raises the interesting issue is you're at argument. You see you're going down on a particular claim. Can you sort of pull the rug out from under at the last minute? Well, when it's not in the complaint, you've never asked that it be in the complaint. Well. Can you then say to the judge, look, I didn't make the complaint, and I don't want to assert it now. I think our position is the parties informally agreed to include these claims within the scope because they. Well, we're asking to apply a fairly technical discovery rule. And then on the other side, we're not. We also can look at the pleadings with some rather legal view rather than say, well, it's all very informal. Maybe very informally they have a good case for discovery. I understand, Your Honor. And just so you're not misleading the court, we're not relying simply on a technical. Was there a rule 56 motion or not? We say the standard is abuse of discretion. And no matter how you slice the deck, Judge Walker didn't abuse his discretion. Thank you. All right. You have a little under two minutes for rebuttals. Just briefly, I can see that the issue regarding the rule 56 is gray. There's a lot of pluses and minuses on both sides. I would just like to reiterate that the lack of discovery that was done in this case was a direct result of an order by the mediator, evaluator, and both sides adhered to that. Is it correct that all the records you were given at the end related to matters, claims other than the promotion claim? Right. The argument that we were talking about in terms of the need for further discovery was relating to the Title VII case, not to these other issues. What did the documents relate to? The documents that they sent us spoke to people who were available for work on particular days. The relationship to that, to the failure to promote, is that there's a seniority system in place in this work situation that would have allowed for Mr. Taylor with his senior position to get promoted over and above other people who were promoted, even though they were lower down on the scale, which is violative of the, you know, agreement between the union and the company. So that was one aspect of those documents. The company's position was that nobody was promoted. Pardon me? The company's position was that nobody had been promoted. Well, that's their position, but we disagreed with that, and we felt that the information we were going to present would counter that. In addition, the deposition indicated there were other documents that may lead to admissible evidence regarding that issue. So I'll leave it at that. I agree that this is a gray area here and that there's, you know, pluses and minuses on both sides. But back to the other issue, I think it's very clear that the Court said that the workplace harassment and the hostile work environment were not part of the underlying case and couldn't even in the most liberal interpretation of the complaint be expected to come in in this case. And informal or not, there was never the proper bringing of these causes of action before the Court, and therefore it improperly ruled on those. Thank you, counsel. Thank you. The case is argued and will be submitted.
judges: Reinhardt, Siler, Hawkins